[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10845

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00058-KKM-TGW-1

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Hernandez appeals his total sentence of 324 months' imprisonment for 5 counts related to possession with intent to distribute heroin and mixtures containing methamphetamine and cocaine, as well as possession of firearms and ammunition by a felon. Hernandez argues that his sentence was substantively unreasonable because he was young at the time of the offense and the relevant methamphetamine Guidelines are excessively punitive and not based on empirical data.

When reviewing a sentence for substantive reasonableness, we assess the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

The party challenging the sentence bears the burden of showing the sentence is unreasonable based on the record and the statutory factors specified in § 3553(a). *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The factors due consideration under statute include the nature and circumstances of the offense, the

history and characteristics of the defendant, the offense's seriousness, adequate deterrence, and protecting the public, the guideline range, among others. 18 U.S.C. § 3553(a). The district court does not need to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Although we do not apply a presumption of reasonableness to a sentence within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Coglianese*, 34 F.4th 1002, 1009 (11th Cir. 2022).

In *Kimbrough v. United States*, the Supreme Court acknowledged that sentencing courts may vary from the guideline range based on policy considerations, including disagreement with portions of the drug-sentencing Guidelines that appear to lack empirical foundation and produce excessive sentences. 552 U.S. 85, 101–02 (2007). Although *Kimbrough* empowered courts with discretion to vary from the guidelines range on policy grounds, "it did not command them to exercise it." *Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013).

Here, Hernandez's sentence is not substantively unreasonable. The court did not abuse its discretion in weighing the seriousness of the offenses, the need to protect the public, Hernandez's criminal history and characteristics, and the need for additional deterrence more heavily than issues with the methamphetamine sentencing guidelines and Hernandez's young age. Thus, the court's

decision to impose a sentence within the guideline range rather than granting a downward variance was not unreasonable.

Contrary to Hernandez's argument on appeal, the district court did not fail to afford consideration to relevant factors that were due significant weight. *Irey*, 612 F.3d at 1189. Rather, the court recognized the arguments raised by Hernandez on appeal in the initial sentencing hearing, acknowledging the sentencing disparities created by the methamphetamine guidelines and the role of youth in precipitating criminal conduct. The court discussed Hernandez's age as a relevant characteristic for the purposes of sentencing but stated that the lengthy imprisonment sentence was warranted by Hernandez's actions even though the sentence would cost him freedom and opportunity for the middle part of his life. Furthermore, the court stated that it understood the policy disagreements about how the Guidelines have weighted methamphetamine improperly without empirical basis and was aware of its power under *Kimbrough* to vary from the guideline range. The court properly recognized that while it had the discretion to vary downward based on policy disagreements with the Guidelines, it was not required to do so. *Dell*, 710 F.3d at 1279.

And the district court explained at length why a downward variance was not warranted under the circumstances here. The court noted that this was an extremely serious offense that involved an "enormous amount of drugs" and "an enormous amount of firearms." The court further noted that the consequences of drug addiction for society, individuals, and families

discouraged a downward variance out of concern for public safety. Hernandez's repeated criminal conduct while on bond after his first arrest was an "extraordinarily aggravating" factor in the court's assessment of his criminal history and personal characteristics and suggested a significant sentence was necessary to deter future misconduct. The court assessed the totality of the circumstances, giving some weight to Hernandez's arguments but determining that other proper considerations weighed against a downward variance. See, e.g., Rosales Bruno, 789 F.3d at 1254 (noting that the decision of how much weight to assign a sentencing factor falls within the court's discretion). This Court ordinarily expects a sentence within the guideline range to be reasonable, Coglianese, 34 F.4th at 1009, and the district court did not abuse its discretion here by determining that the totality of the factors that it considered warranted a sentence of 324 months, the low end of the guideline range. Thus, the sentence is substantively reasonable.

AFFIRMED.